UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RODNEY G. SMITH, EXECUTIVE DIRECTOR, )
Of the TEAMSTERS UNION 25 HEALTH )
SERVICES & INSURANCE PLAN, )
    Plaintiff, )
)
V.                                           ) Civil Action No.
)
MARK EQUIPMENT, CORP., )   MAGISTRATE JUDGE
    Defendant, )
)
and )
)
EASTERN BANK, )
    Trustee. )
)

RECEIPT #_____
AMOUNT $150
SUMMONS ISSUED yes
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. Tom
DATE 1/3/05

**COMPLAINT**

**Introductory Statement**

1. This is an action brought on behalf of Teamsters Union 25 Health Services & Insurance Plan (hereinafter, "the Plan") for the collection of an unpaid Judgment for attorneys' fees by means of a post-judgment attachment on trustee process.

**Jurisdiction and Venue**

2. The jurisdiction of this Court is founded upon § 502(e)(1) of the Employee Retirement Income Security Act of 1974 (hereinafter, "ERISA"), as amended, 29 U.S.C. § 1132(e)(1), which grants the district courts of the United States exclusive jurisdiction of civil actions brought to enforce the terms of an employee benefit plan and/or the provisions of ERISA.

3. Venue is appropriate in this Court under § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), which provides that an action may be brought in the district where the plan is administered.

## Parties

4. Plaintiff Rodney G. Smith is the Executive Director of the Plan and a "fiduciary" within the meaning of § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Plan is a "multi-employer plan" as that term is defined by § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), and is an "employee benefit plan" or "plan" as that term is defined in § 3(3) of ERISA, 29 U.S.C. § 1002(3). The Plan has its principal office and is administered from 16 Sever Street, Charlestown, Massachusetts.

5. Defendant, Mark Equipment, Corp., is a Massachusetts corporation with a usual place of business at 126 Old Page Street, Stoughton, Massachusetts 02072.

6. Trustee, Eastern Bank, is a company with a usual place of business at 397 Washington Street, Stoughton, Massachusetts 02072.

## Allegations of Fact

7. At all times material herein, the Defendant has been obligated to make monthly contributions to the Plan in accordance with the terms of an Agreement and Declaration of Trust executed between the Defendant and the Plan, said contributions to be made on behalf of each employee of the Defendant performing work within the scope of and/or covered by one or more collective bargaining agreements executed by the Defendant and Teamsters Local Union No. 25.

## Cause of Action

8. On or about May 28, 1997, the Plaintiff herein recovered a Judgment in his favor against the Defendant in the United States District Court of the District of Massachusetts, Civil Action No. 96-11397-EFH in the amount of $7,386.79 plus interest. A true copy of this Judgment is attached hereto as Exhibit "A."

9. On or about October 31, 1997, Plaintiff herein recovered a Judgment in his favor against the Defendant in the United States District Court for the District of Massachusetts, Civil Action No. 97-11292-PBS in the amount of $4,420.86. A true copy of this Judgment is attached hereto as Exhibit "B."

10. Having paid approximately $4,324.70 toward both Judgments, the Plaintiff, on February 16, 2000, filed suit in the United States District Court for the District of Massachusetts, Civil Action No. 00-10292-RGS, to recover the unpaid balance of $8,190.14.

11. The Plaintiff moved pursuant to Rule 64 of the Fed. R. Civ. P. for approval of an attachment on trustee process of the goods, effects and credits of the Defendant in the amount of $8,190.14. The Plaintiff later moved to amend the amount owed to $6,671.03.

12. On February 19, 2003, Plaintiff herein recovered a Judgment in his favor against the Defendant in the United States District Court for the District of Massachusetts, Civil Action No. 00-10292–RGS in the amount of $6,671.03, together with attorneys' fees of $5,137.50. A true copy of this Judgment is attached hereto as Exhibit "C."

13. On or about February 26, 2003, the then-named-trustee, Rockland Trust Company, remitted a check to the Plan in the amount of $6,671.03.

14. On March 21, 2003, the Defendant appealed to the United States Court of Appeals for the First Circuit from the final Judgment entered on February 19, 2003. The United States Court of Appeals for the First Circuit assigned the appeal Case No. 03-1416.

15. On or about June 25, 2003, the United States Court of Appeals for the First Circuit dismissed the Defendant's appeal for lack of prosecution and entered Judgment in favor of the Plaintiff.

16.    The Defendant has yet to pay to the Plaintiff the attorneys' fees owed the Plan from the February 2003 judgment totaling $5,137.50.

### Prayers for Relief

**WHEREFORE**, the Plaintiff prays that Judgment enter for the following:

(1)    The unpaid portion of the Judgment recovered in Civil Action No. 00-10292-RGS;

(2)    Interest on the unpaid portion of the Judgment;

(3)    An attachment on trustee process as detailed in the Motion filed herewith;

(4)    Attorneys' fees associated with bringing this action; and

(5)    Such other legal or equitable relief that this Court deems appropriate.

For the Plaintiff,
**RODNEY G. SMITH,**
**EXECUTIVE DIRECTOR, TEAMSTERS**
**UNION 25 HEALTH SERVICES &**
**INSURANCE PLAN,**
By his attorneys,

_/s/ Matthew E. Dwyer_

Matthew E. Dwyer, BBO# 139840
Brian M. Maser, BBO# 655667
Dwyer, Duddy & Facklam, P.C.
One Center Plaza, Suite 360
Boston, MA 02108
(617) 723-9777

Dated: December 28, 2004
f:\l25hsip\mark fees\pldgs\complaint.doc

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RODNEY G. SMITH, EXECUTIVE DIRECTOR OF )<br>TEAMSTERS UNION 25 HEALTH SERVICES )<br>AND INSURANCE PLAN, )<br>)<br>Plaintiff ) | CIVIL ACTION NO.<br>No. 96-11375-EFH |
| vs. )<br>)<br>MARK EQUIPMENT CORPORATION )<br>)<br>Defendant ) | |

### JUDGMENT BY DEFAULT UPON APPLICATION TO THE COURT

It appears from the motion of John Sheridan, Attorney for the plaintiff, and the affidavit of Rodney G. Smith that the complaint in this action was filed on July 5, 1996; the Notice of Lawsuit and Request for Waiver of Service for Summons was mailed July 12, 1996, and received by the defendant corporation on July 13, 1996; the defendant corporation was served with a summons and complaint on August 26, 1996; default was entered on the civil docket in the office of the clerk of this Court on December 17, 1997. No proceedings have been taken by the defendant since default was entered; and the defendant corporation is not an infant or incompetent.

It is hereby ordered adjudged and decreed that the plaintiff shall have and recover from defendant the sum of $7,386.79, with interest at the rate of __6.06%__ percent from the date of this judgment till paid, and that the plaintiff have execution therefor.

Judgment rendered __MAY 28, 1997__.

_____
Honorable Edward F. Harrington
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 97-11292-PBS

```
****************************************
RODNEY G. SMITH, Executive Director      *
Of TEAMSTERS UNION 25 HEALTH SERVICES    *
& INSURANCE PLAN,                        *
                                         *
        Plaintiff,                       *
                                         *
v.                                       *
                                         *
MARK EQUIPMENT CORPORATION,              *
                                         *
        Defendant                        *
****************************************
```

## JUDGMENT BY DEFAULT UPON APPLICATION TO THE COURT

It appears from the motion and affidavit of John P. Sheridan, attorney for the plaintiff, that the complaint in this action was filed on June 10, 1997; the Notice of Lawsuit and Request for Waiver of Service for Summons was mailed June 12, 1997, and received by the defendant corporation on June 16, 1997; the defendant corporation was served with a summons and complaint on July 21, 1997; and default was entered on the civil docket in the Office of the Clerk of this Court on September 22, 1997. No proceedings have been taken by the defendant since default was entered; and the defendant corporation is not an infant or incompetent.

It is hereby ordered adjudged and decreed that the plaintiff shall have and recover from the defendant the sum of $4,420.86, with interest at the rate of _____ percent from the date of this judgment till paid, and that the plaintiff have execution therefor.

Judgment rendered _10/3/97_.

_____
Honorable Patti B. Saris
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RODNEY G. SMITH, EXECUTIVE DIRECTOR )
of the TEAMSTERS UNION 25 HEALTH SERVICES )
AND INSURANCE PLAN, )
)
                Plaintiff, )
)
v. )    CIVIL ACTION
)    NO. 00-CV-10292-RGS
MARK EQUIPMENT, CORP., )
)
                Defendant, )
)
and )
)
ROCKLAND TRUST CO., )
)
                Trustee )

### Judgment

This action came on for consideration by the Court, Stearns, (D.C.J, presiding) on Plaintiff's Motion For Summary Judgment and the issues having been duly considered and said motion having been duly allowed, it is hereby ORDERED:

Judgment for the Plaintiff Rodney G. Smith as against the Defendant Mark Equipment, Corp., in the sum of $6,671.03, together with attorney's fees of $5,137.50 pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

Dated at Boston, Massachusetts, this 19th day of February, 2003.

By the Court,

*[signature: Richard G. Stearns]*

\\djserver\data\l25hsip\mark equip\plds\mot.proposed.judgment.02.03.03.doc:blg

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Rodney G. Smith, Executive Director of the Teamsters Union 25 Health Services & Insurance Plan v. Mark Equipment Corp.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
         740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   ___ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ___ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   Smith v. Mark Equipment Corp., Civil Action No. 00-CV-10292-RGS

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ___   NO ✓

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ___   NO ✓

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ___   NO ___

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ___   NO ✓

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ✓   NO ___

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ✓    Central Division ___    Western Division ___

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ___    Central Division ___    Western Division ___

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ___   NO ___

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Matthew E. Dwyer, Esquire, Brian M. Maser, Esquire
ADDRESS Dwyer, Duddy and Facklam, P.C., One Center Plaza, Suite 360, Boston, MA 02108
TELEPHONE NO. (617) 723-9777

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Rodney G. Smith, Executive Director of the Teamsters Union 25 Health Services & Insurance Plan

## DEFENDANTS
Mark Equipment Corp.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Matthew E. Dwyer, Esquire
Brian M. Maser, Esquire
Dwyer, Duddy and Facklam, P.C.

Attorneys (If Known) UNKNOWN
One Center Plaza, Suite 360
Boston, MA 02113

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☒ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | ☐ 360 Other Personal Injury | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Action to recover attorneys' fees awarded from Judgment in Civil Action No. 00-cv-10292-RGS

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $5,137.50
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE Stearns, J.
DOCKET NUMBER 00-10292

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____