UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**TRUSTEE WRIT**

CASE NO.   05-10008-RGS

RODNEY G. SMITH, EXECUTIVE DIRECTOR OF THE
TEAMSTERS UNION 25 HEALTH SERVICE &
INSURANCE PLAN, **Plaintiff(s)**

v.

MARK EQUIPMENT CORP., **Defendant(s)**

EASTERN BANK, Trustee

## SUMMONS TO TRUSTEE

To the above-named Trustee:

You are hereby summoned and required to file, within twenty (20) days after service of this summons upon you, exclusive of the day of service, a disclosure under oath of what goods effects or credits, if any of the defendant Mark Equipment Corp. of 126 Old Page Street, Stoughton, Massachusetts 02072 are in your hands or possession at the time of the service of this summons upon you which may be taken on execution issued upon such judgment, if any, as the plaintiff, Rodney G. Smith, Executive Director of the Teamsters Union 25 Health Services & Insurance Plan of 16 Sever Street, Boston, Massachusetts 02129, whose attorneys are Matthew E. Dwyer and Brian M. Maser of Dwyer, Duddy and Facklam, P.C., One Center Plaza, Suite 360, Boston, Massachusetts 02108 may recover in an action brought against the said defendant in this Court to the value of $5,137.50 (the amount authorized). Such goods, effects or credits are hereby attached. If you do not do so, judgment by default will be taken against you and you will be adjudged trustee as alleged.

The complaint in this case was filed on January 3, 2005. This attachment was approved on January 5, 2005, by Richard G. Stearns, Justice, in the amount of $5137.50.

If the credits of the said defendant which are in your hands or possession include wages for personal labor or personal services of said defendant, you are hereby notified that an amount not exceeding $125.00 per week of such wages are exempt from this attachment and you are directed to pay over such exempted amount to said defendant in the same manner and at the same time as each such amount would have been paid if this attachment had not been made.

If the said credits include a pension payable to said defendant which is not otherwise exempt by law from attachment, you are hereby notified that an amount not exceeding $100.00 for each week which has elapsed since the last preceding payment under such pension was payable to said defendant, and $100.00 per week hereafter, are exempt from this attachment and you are directed to pay over such exempted amounts to said defendant in the same manner and at the same time as each such amount would have been paid if this attachment had not been made.

If you are a trust company, savings bank, cooperative bank, credit union, national banking association, or any other banking institution doing business in this Commonwealth, and if the credits of the said defendant in your hands include an account or accounts in the name of any natural person, you are hereby notified that pursuant to Massachusetts General Laws, c. 246, Section 28A, $500.00 owned by the said defendant (if a natural person) are exempt from this attachment (a joint account to be treated for this purpose as if each depositor owned one-half of the amount thereof). No business, trust, or organization shall be entitled to this exemption, and no natural person shall be entitled to more than a $500.00 exemption at any one time.

Dated this 14th day of January, 2005

By: _Elaine Flaherty_
Deputy Clerk

f:\l25hsip\mark fees\pldgs\trustee.writ.doc